DEARBORN, *Guard., Ap't*, v. BATTEN.

Whether a guardian may be allowed, against the estate of his ward, the expense incurred by him in resisting an application for his removal, depends upon whether he proceeded in good faith, and exercised a sound discretion in making his defence.

PROBATE APPEAL. In December, 1884, the defendant was guardian of John H. Gregg, an insane person. At that time Gregg's sister and others made a petition to the probate court for his removal on the ground of mismanagement, incompetency, and hostile relations existing between him and his ward. Upon that petition there was a hearing before the probate court, the defend-

ant employing and paying counsel, and having present and paying about twenty witnesses.   After the evidence was closed, the judge remarked that he did not think the charges of mismanagement and incompetency were sustained; but owing to the hostile personal relations between the guardian and his ward and the ward's family, he might find it best that another person be guardian.   It was then agreed that the defendant should resign his guardianship, that the petition for his removal be dismissed, and that another person be appointed guardian.   The defendant accordingly resigned, the petition was dismissed, and the plaintiff was appointed guardian. Subsequently the defendant presented for settlement his guardianship account, in which were included and allowed his expenses upon the petition for his removal amounting to $290.69; and from that allowance the plaintiff takes this appeal.

The plaintiff withdraws his objection to the allowance of $70.50 of this sum, none of which was incurred in the hearing on the petition.   The balance is made up of the fees paid witnesses, $107.19, and the sum paid counsel, $113.00, at the hearing.   Before the petition was presented to probate court, the counsel for the petitioners informed the defendant's counsel of his purpose to present such a petition unless he would resign, and at the same time informed him what the grounds of the petition would be.   The defendant, on advice of his counsel, who believed he had a good defence against the charges of mismanagement and incompetency, and on request of the selectmen and overseers of the poor, upon whose petition he had been appointed guardian, refused to resign. The defendant in good faith made a defence against the charges of mismanagement and incompetency; and a large part of the expenses of counsel and witnesses at the hearing arose from an investigation of those charges.   He understood the fact of the ward's personal hostility to him, and that the relations between the ward and himself were such as to create ill feeling between the ward and his relatives.   His resignation, at the time it was requested, would have prevented and saved the expense which he now seeks to have allowed.

If the defendant is entitled to any allowance upon the items now objected to, $60 is a reasonable sum for the attorneys' services; and the $107.19 is the actual sum paid the witnesses for their travel and attendance.

*Sulloway & Topliff* and *R. M. Wallace*, for the appellant.

*Cross & Taggart*, for the appellee.

BINGHAM, J.   The recovery of the reasonable expenses of a guardian, incurred in resisting an application by the ward for his removal, does not depend upon the result, and may be had, though the question raised was doubtful.   The substantial inquiries in

such a case are, whether the guardian proceeded in good faith, and exercised a sound discretion. *Palmer* v. *Palmer*, 38 N. H. 418, 420; *Mathes* v. *Bennett*, 21 N. H. 204; *Smith* v. *Bean*, 8 N. H. 15, 18.

Such expenditures as are not made in good faith and in the exercise of a sound discretion are not " reasonable," within the meaning of that word as used in section seven, chapter one hundred and eighty-four of the General Laws. In the case as amended it appears that the defendant, in good faith, under the advice of counsel, and on request of the overseers of the poor, upon whose petition he was appointed, defended against the charges made against him, and he should be allowed the sums found in the case, amounting to $237.69.

*Case discharged.*

ALLEN, J., did not sit: the others concurred.